Antonio **OLVERA**

v.

Mrs. Lily C. **MICHALOS** et al.

Civ. A. No. 67–B–7.

United States District Court
S. D. Texas,
Brownsville Division.

Oct. 18, 1968.

W. Jiles Roberts, Houston, Tex., for plaintiff.

Royston, Rayzor & Cook, Chas. D. Kennedy, Houston, Tex., for defendant Mrs. Lily C. Michalos.

Hardy & Sharpe, Benjamin S. Hardy, Brownsville, Tex., for defendant Missouri Pac. R. Co.

Adams, Graham, Lewis & Graham, Marshall W. Graham, Harlingen, Tex., for defendant Pfeffer & Son Warehouse Co.

Watkins, Ryan & Hamilton, A. J. Watkins, Houston, Tex., for defendant Houston Belting & Supply Co., Inc.

Ewers, Toothaker, Ewers, Abbott & Evins, James C. Abbott, McAllen, Tex., for defendants Brown Engineering Corporation and Camden Storage Co.

Fulbright, Crooker, Freeman, Bates & Jaworski, S. G. Kolius, Houston, Tex., for impleaded respondent Border Stevedoring Co., Inc.

## MEMORANDUM

GARZA, District Judge.

This is a suit for personal injuries, filed pursuant to Rule 9(h), Federal Rules of Civil Procedure, on the Admiralty side of the docket.

The Plaintiff is a resident and citizen of Mexico. All Defendants are residents and citizens of some other country or of a State in the United States. The required diversity of citizenship is present.

The amount in controversy exceeds $10,000.00.

The Plaintiff alleges unseaworthiness of the vessel, and common-law negligence.

The Defendant Michalos, owner of the vessel S/S COSTAS MICHALOS, has filed a motion for summary judgment, asserting that as a matter of law she is entitled to judgment even adopting the facts as alleged by Plaintiff.

This Court disagrees.

The Plaintiff was working for the Border Stevedoring Company at the time of his accident. This company was employed to load the S/S COSTAS MICHA-LOS with corn at the Port of Brownsville, Texas.

The Plaintiff has alleged that at the time he was injured, he was loading the corn from railroad cars to the ship via various loading apparatus. The Plaintiff was working in one of the railroad cars alongside a warehouse. A power shovel was being used to pick up the corn and move it into the warehouse. Somehow a cable of the power shovel became entangled around the Plaintiff's leg between the foot and the knee. The leg was crushed, and Plaintiff's leg was amputated. A later amputation was necessary. The Plaintiff alleges various forms of damages, the total claim being $250,000.00. Plaintiff further alleges that this loading was one continuous process, and that the corn never came to rest in the warehouse through which it passed.

Historically, the job of loading and unloading is the work of the ship's service.

The Plaintiff alleges that he was employed to perform the type and character of work customarily done by seamen, that is, to load the ship. Deffes v. Federal Barge Lines, Inc., 361 F.2d 422 (5 Cir., 1966), cert. den., Continental Grain Co. v. Deffes, 385 U.S. 969, 87 S.Ct. 503, 17 L.Ed.2d 433.

The Defendant Michalos makes much ado about the label of Plaintiff as a warehouseman instead of a seaman. However, the name that is given a harbor worker does not determine his rights to the benefits and the warranty of seaworthiness or not. The distinguishing factor is the type of work that the injured party was performing. Jackson v. Lykes Bros. Steamship Co., 386 U.S. 731, 87 S.Ct. 1419, 18 L.Ed.2d 488; Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099.

The Defendant Michalos further makes much ado over the fact that the Plaintiff was injured while working at least two hundred yards from the ship.

This Court does not think that this distance alone is such that the war-

ranty of seaworthiness could not apply. Each case must be judged by its own peculiar facts.

 According to the Plaintiff, loads previous to his injury had been made directly alongside the ship; further, that the procedure was altered because the corn was being damaged. A change was made to take advantage of the equipment in the warehouse so the corn would not be damaged as much.

The case of Huff v. Matson Navigation Co., 338 F.2d 205 (9 Cir., 1965), cert. den. 380 U.S. 943, 85 S.Ct. 1026, 13 L.Ed.2d 963, said that the use of more modern equipment not traditionally found on ships cannot exculpate a shipowner from his obligations.

Also, in the case of Spann v. Lauritzen, 344 F.2d 204 (3 Cir., 1965), cert. den. 382 U.S. 938, 86 S.Ct. 386, 15 L.Ed. 2d 348, a plaintiff recovered for an injury which occurred when a hopper handle on the pier injured the plaintiff. The ship's cargo was being unloaded into this hopper. The court said the hopper was an essential part of the unloading process and that the warranty of seaworthiness applied.

In our case the power shovel, under the particular facts, might be an essential part of the loading process.

This Court believes there is a genuine fact dispute as to whether or not the Defendant Michalos had a duty of seaworthiness as to the Plaintiff; further, if a duty of seaworthiness does exist, then the issue of negligence is also present.

Summary judgment is an extreme remedy and should be awarded only when the truth is quite clear, and all reasonable doubts as to any material fact must be resolved against movant. Woods Exploration & Producing Co. v. Aluminum Co. of America, D.C., 36 F.R.D. 107.

Therefore, Defendant Michalos' motion for summary judgment is hereby denied.

Clerk will advise all counsel.